**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 21, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BOBBY ANDREA LIVINGSTON,

    Petitioner - Appellant,

vs.

RON WARD, Director;
DEPARTMENT OF CORRECTIONS;
STATE OF OKLAHOMA,

    Respondents - Appellees.

No. 05-6048
(D.C. No. 01-CV-1736-C)
(W.D. Okla.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

---

Petitioner-Appellant Bobby Andrea Livingston, an Oklahoma inmate appearing pro se, seeks a certificate of appealability ("COA") permitting him to appeal the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because we determine that Mr. Livingston has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000), we deny a COA and dismiss this appeal. We further deny Mr. Livingston's motion to proceed in forma pauperis.

The parties are familiar with the facts and procedural history in this case, and we need not repeat them here. In his application for COA, Mr. Livingston reiterates his argument before the district court alleging that the state withheld impeachment evidence at trial in violation of Brady v. Maryland, 373 U.S. 83 (1963). For this court to grant a COA, Mr. Livingston must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). When, as in this case, the district court has denied a claim on the merits, the petitioner must demonstrate "'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were adequate to deserve encouragement to proceed further.'" Miller-El, 537 U.S. at 336 (quoting Slack, 529 U.S. at 484).

Having carefully reviewed the record, we deny a COA for substantially the same reasons contained in the magistrate judge's Report and Recommendation and the district court's Amended Order. Under his Brady claim, the only issue raised herein, Mr. Livingston must show (1) that the government suppressed evidence, (2) that such evidence was favorable to the defendant, and (3) that the evidence was material, i.e., there is a reasonable probability had the evidence been disclosed that the result of the trial would have been different. See Brady, 373 U.S. at 87; Knighton v. Mullin, 293 F.3d 1165, 1172 (10th Cir. 2002). We

find that the district court's conclusion that Mr. Livingston cannot demonstrate that the allegedly suppressed evidence was material in light of the nature of the impeachment material and the strength of the state's case is not debatable.

Accordingly, we DENY COA and DISMISS this appeal. Furthermore, because Mr. Livingston has not shown "a reasoned, non frivolous argument on the law and facts" in support of his argument, DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991), we likewise DENY the motion to proceed in forma pauperis. Mr. Livingston is reminded that he is obligated to make partial payments to this court until the entire appellate filing fee is paid in accordance with 28 U.S.C. § 1915(b).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge